The United States Finishing Co.
vs.
Arnold S. Wells et al.

Eq. No. 10550.

September 28, 1931.

CHURCHILL, J. Heard on demurrer to the bill.

The case made by the bill is this: The complainant claims title to land known as "Hammond's Pond" in the City of Pawtucket, and the respondents, twenty-three in number, own, severally, tracts of land adjoining the land of the complainant. The respondents or their predecessors in title took by conveyances in which the land was described as extending to the "flow line" of the pond.

It further appears that in 1832 the then owners of the pond by an instrument duly recorded agreed on the flow line of the pond, but that by reason of "attrition, accretion and by the partial filling in of the pond the original flow line has been altered and doubts and conflicting claims have arisen as to its true location and as to the extent and boundaries of land by reason thereof, so that the title of the complainant may be adversely affected by said claims;" that in 1914 the complainant set out certain bounds along the flow line as far as such line could be ascertained and the complainant claims ownership in fee simple up to such boundary line; that it has since 1914 occupied the land up to the line, openly, hostilely, adversely and under a claim of right against the world; that the state of the record constitutes a cloud on the title which prevents it from selling, mortgaging or disposing of such tract of land, and the complainant prays that its title may be quieted "and the cloud removed therefrom, and that it may be decreed to be the sole legal and beneficial owner in fee and that the respondents may be enjoined from asserting judicially or otherwise any claim to the land." Several of the respondents have demurred raising the question of the equity of the bill.

The complainant admits that the bill cannot be maintained on the theory that it is a bill to settle boundaries.

*Day* vs. *Proprietors of Swan Point Cemetery*, 51 R. I. 213, held that one who has acquired title by adverse possession and who has no color of title and no independent equity cannot maintain a bill in equity to confirm his title in the premises.

As the Court reads the bill, the complainant has color of title to the land up to the line run by it in 1914 as far as the area is concerned about which the doubts and contentions have arisen.

Can the complainant lay hold of an independent equity on which to support its bill? It is argued that the multiplicity of suits to which the complainant will be subjected, or the number which it will be obliged to bring to settle its title is a ground on which the bill may be maintained.

On the face of the bill there appears to be a sufficient community of interest in the subject matter of the controversy among all the respondents and that convenience demands the settlement of controversies as to title in one suit.

1 *Pomeroy*, 4th ed. Secs. 268-9, Pages 48 to 504.
See also
*Hale* vs. *Allinson*, 188 U. S. 56, 28 Sup. Ct. Rep. 244.

"It is easy to say it rests upon the prevention of a multiplicity of suits, but to say whether a particular case comes within the principle is sometimes a much more difficult task. Each case, if not brought directly within the principle of some preceding case, must, as we think, be decided upon its own merits and upon a survey of the real and substantial convenience of all parties, the adequacy of the legal remedy, the situations of the different par-

ties, the points to be contested and the result which would follow if jurisdiction should be assumed or denied; these various matters being factors to be taken into consideration upon the question of equitable jurisdicton on this ground, and whether within reasonable and fair grounds the suit is calculated to be in truth one which will practically prevent a multiplicity of litigation, and will be an actual convenience to all parties, and will not unreasonably overlook or obstruct the material interests of any. The single fact that a multiplicity of suits may be prevented by this assumption of jurisdiction is not in all cases enough to sustain it. It might be that the exercise of equitable jurisdiction on this ground, while preventing a formal multiplicity of suits, would nevertheless be attended with more and deeper inconvenience to the defendants than would be compensated for by the convenience of a single plaintiff; and where the case is not covered by any controlling precedent the inconvenience might constitute good ground for denying jurisdiction."

The Court is of the opinion, however, that the bill is deficient in alleging the kind and character of the controversies which have arisen in regard to the title. There is no allegation that trespasses have been committed or threatened to be committed upon the complainant's land by divers of the adjoining owners or that suits have been instituted or are threatened to be instituted by the respondents, or a number of them.

This Court has no power, under the circumstances of this case and the facts as set forth in this bill, to enter a merely declaratory decree as to title.

The demurrer is sustained and the complainant is given ten days in which to amend its bill.

For complainant: James G. Connolly, Edward R. Singsen, E. M. Boyle, Francis R. Foley.

For respondents: Michael F. Costello, Lellan J. Tuck, H. M. Devlin, Tillinghast & Collins, H. E. Crowe, T. P. Corcoran-Mangan, Huddy & Moulton, James E. Brennan, R. P. McMahon.